IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LEGEND OIL AND GAS, LTD.** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | **FILE NO.** |
| v. | ) | |
| | ) | |
| **SHER TRUCKING, L.L.C.,** | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Legend Oil and Gas, Ltd. ("Legend"), Plaintiff, hereby files its Complaint as follows:

### Jurisdictional Allegations

1.

Legend is a corporation organized and existing under the laws of the State of Colorado with its principal place of business located at 555 North Point Center East, Suite 400, Alpharetta, Fulton County, Georgia 30022.

2.

Sher Trucking, L.L.C. ("Sher") is a limited liability company organized and existing under the laws of the State of Nevada.  Sher may be served with process

through its registered agent, Don Hampton, at 3111 Bel Air Dr. #21A, Las Vegas, NV 89109.

3.

This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 based upon federal questions arising under the Securities Exchange Act of 1934 (the "Exchange Act").

4.

Sher is subject to personal jurisdiction in this Court pursuant to O.C.G.A. §§ 9-10-91(1) and (3).

5.

Venue is proper in this Court pursuant to Section 27 of the Exchange Act in that the offer and sale of the subject securities took place in part in this district.

6.

Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephone communications, in connection with the offer and sale of the subject matter securities

## General Allegations

7.

Legend Oil and Gas is a managed risk exploration, development and production company.

8.

Legend, as "Buyer" entered into a Membership Interest Purchase Agreement dated as of April 3, 2015 (the "Agreement") for the purpose of purchasing all of the membership interests (the "Membership Interests") in Black Diamond Energy Holdings, L.L.C. ("Black Diamond")

9.

Black Diamond operates a "last mile" trucking company in North Dakota under the trade name Maxxon Energy.

10.

Maxxon operates with a fleet of 28 trucks.

11.

Because insurance is a significant cost of doing business for a trucking company, Legend was concerned about the existence of insurance and obtained a representation from Sher as to Black Diamond's insurance coverage.

12.

That representation, contained in the Agreement, provides:

**Insurance. Section 3.14** of the Disclosure Schedules sets forth a true and complete list of all current policies or binders of fire, liability, product liability, umbrella liability, real and personal property, workers' compensation, vehicular, directors' and officers' liability, fiduciary liability and other casualty and property insurance maintained by Sellers or their Affiliates (including the Company) and relating to the assets, business, operations, employees, officers and managers of the Company (collectively, the **"Insurance Policies"**) and true and complete copies of such Insurance Policies have been made available to Buyer. Such Insurance Policies are in full force and effect. Neither the Company nor any of its Affiliates has received any written notice of cancellation of, premium increase with respect to, or alteration of coverage under, any of such Insurance Policies. All premiums due on such Insurance Policies have been paid.  The Insurance Policies do not provide for any retrospective premium adjustment or other experience-based liability on the part of the Company. All such Insurance Policies (a) are valid and binding in

accordance with their terms; and (b) have not been subject to any lapse in coverage. Except as set forth on **Section 3.14** of the Disclosure Schedules, there are no claims related to the business of the Company pending under any such Insurance Policies as to which coverage has been questioned, denied or disputed or in respect of which there is an outstanding reservation of rights. None of the Company or any of its Affiliates (including the Company) is in default under, or has otherwise failed to comply with, in any material respect, any provision contained in any such Insurance Policy. The Insurance Policies are of the type and in the amounts customarily carried by Persons conducting a business similar to the Company and are sufficient for compliance with all applicable Laws and Contracts to which the Company is a party or by which it is bound.

13.

This representation was a material term of the Agreement.

14.

Unbeknownst to Legend, Sher was made aware by letter dated February 2, 2015 of a decision by Zurich American Insurance ("Zurich") not to renew Black

Diamond's auto liability and related coverage. A true and correct copy of the notice of non-renewal is attached hereto as Exhibit "A" and incorporated herein.

15.

The letter was sent to the same address as that occupied by Don Hampton, the manager of Sher, its registered agent and the Seller Representative under the Agreement.

16.

Zurich's decision not to renew coverage was confirmed by Zurich through its agent and passed along to Black Diamond by email to Sher's insurance broker, Moreton, on March 6, 2015.

17.

Neither the letter nor the email was disclosed to Legend during the course of due diligence preceding execution of the Agreement.

18.

Subsequent to the execution of the Agreement and the closing of the sale of the Membership Interests, Legend learned that Black Diamond's insurance would not be renewed.

19.

As a result, Legend was forced to find replacement coverage at a substantially higher price.

20.

Sher's failure to disclose the non-renewal of insurance caused the value of the Membership Interests to be overvalued because the true cost of insurance was understated.

## Count One

### (Securities Fraud)

21.

Sher concealed adverse material information about insurance in an effort to maintain an artificially high price for the Membership Interests.

22.

Sher's conduct operated as a fraud and deceit upon Legend.

23.

Sher's omissions and misrepresentations artificially inflated the value of the Membership Interests.

24.

Sher's statements about insurance were false and misleading.

25.

Sher was under a duty to make truthful disclosures, but instead misrepresented or concealed material facts concerning Black Diamond's insurability.

26.

The statements made by Sher were false and misleading in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

27.

Legend reasonably relied on the statements made by Sher in purchasing the Membership Interests.

28.

Had Legend known of the non-renewal of Black Diamond's insurance, it would not have purchased the Membership Interests at the artificially inflated price.

29.

As a result of the misrepresentations and omissions, Legend has been injured in an amount to be proven at trial, but not less than $339,660.81.

## Count Two

### (Common Law Fraud)

30.

Legend realleges and incorporates herein the allegations contained in Paragraphs 1 through 29 above.

31.

Sher concealed from Legend the non-renewal of Black Diamond's insurance coverage.

32.

Sher intentionally concealed this material fact with the intent to deceive Legend.

33.

Legend was not aware of the non-renewal of insurance until after it purchased the Membership Interests.

34.

Legend reasonably relied upon Sher's representations.

35.

As a direct and proximate result of Sher's concealment, Legend has been injured in an amount to be proven at trial, but not less than $339,660.81.

36.

Sher has acted willfully, maliciously and with an entire want of care.

37.

Sher's conduct entitles Legend to recover punitive damages as determined by the enlightened conscience of the jury.

## Count Three

**(Attorney Fees)**

38.

Legend realleges and incorporates herein the allegations contained in Paragraphs 1 through 37 above.

39.

Legend has made demand for payment.

40.

Sher has not responded to the demand.

41.

Sher is being stubbornly litigious, acting in bad faith, and is putting Legend to unnecessary trouble and expense.

42.

Legend is entitled to recover from Sher its expenses of litigation, including reasonable attorney fees, pursuant to O.C.GA § 13-6-11.

43.

Legend requests a trial by jury.

WHEREFORE, Legend requests this Court:

(a)　　grant judgment for Legend and against Sher on the Complaint;

(b)　　grant judgment for Legend and against Sher in an amount to be proven at trial but not less than $339,660.81;

(c)　　award Legend punitive damages according to the enlightened conscience of the jury;

(d)　　award Legend its expenses of litigation, including reasonable attorney fees, pursuant to O.C.G.A. § 13-6-11;

(e)　　tax all costs against Sher; and

(f)　　grant Legend such additional relief as this Court deems just.

This 13th day of May, 2015.

　　　　　　　　　　　　　　　　　　*s/ Michael J. King*
　　　　　　　　　　　　　　　　　　Michael J. King
　　　　　　　　　　　　　　　　　　Georgia Bar No. 421160
　　　　　　　　　　　　　　　　　　kingm@gtlaw.com
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　Legend Oil and Gas, Ltd.

**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA  30305
Tel:   (678) 553-2100
Fax:   (678) 553-2212

*ATL 20650253v1*